**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.

★ APR 3 0 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MEMORANDUM, ORDER
& JUDGMENT

-----------------------------------------------------x

LEONARD SUTERA,

        Plaintiff,

    -against-

09-CV-2351

TRANSPORTATION SECURITY
ADMINISTRATION, DEPARTMENT OF
HOMELAND SECURITY, JOHN DOES 1-
10,

        Defendants.

-----------------------------------------------------x

**Appearances:**

For Plaintiff:        AGULNICK & GOGEL, LLC
                321 Broadway, Suite 200
                New York, NY 10007
                By:   WILLIAM A. GOGEL

For Defendants:     UNITED STATES ATTORNEY
                EASTERN DISTRICT OF NEW YORK
                271 Cadman Plaza East, 7th Floor
                Brooklyn, New York 11201
                By:   SETH D. EICHENHOLTZ
                      Assistant United States Attorney

**JACK B.WEINSTEIN, Senior United States District Judge:**

### Table of Contents

I.  Introduction ..................................................................................................................... 2

II.  Facts ................................................................................................................................ 3

III.  Claims ............................................................................................................................. 6

IV.  Law .................................................................................................................................. 8

  A.    Summary Judgment Standard ..................................................................................... 8

  B.    Constitutional Claims .................................................................................................. 9

    1.    Subject Matter Jurisdiction ................................................................................... 9

      a.    Sovereign Immunity ......................................................................................... 9

      b.    Bivens Action ................................................................................................... 9

     c.    Civil Service Reform Act & Aviation and Transportation Security Act ....................10

    2.    Due Process .................................................................................................................11

      a.    Procedural Due Process.........................................................................................12

      b.    Substantive Due Process ......................................................................................13

C.    Privacy Act...........................................................................................................................14

D.    Administrative Procedure Act...............................................................................................14

E.    Declaratory Judgment Act ...................................................................................................15

V.    Application of Law to Facts ...............................................................................................15

A.    Constitutional Claims...........................................................................................................15

    1.    Subject Matter Jurisdiction..........................................................................................15

    2.    Due Process .................................................................................................................16

      a.    Procedural Due Process.........................................................................................16

        i.    Property Interest in Employment.........................................................................16

        ii.    Liberty Interest in Occupation ...........................................................................19

      b.    Substantive Due Process ......................................................................................19

B.    Privacy Act...........................................................................................................................20

C.    Administrative Procedure Act...............................................................................................21

D.    Declaratory Judgment Act ...................................................................................................22

VI.    Conclusion.............................................................................................................................22

## I.    Introduction

    This case presents the following issue: "Can a government employee in a sensitive homeland defense position whose blood tested high for marijuana avoid being fired by testifying that he did not imbibe the drug, but absorbed it inadvertently from others smoking the substance?" The answer in this case is "no."

    Defendants Department of Homeland Security ("DHS") and Transportation Security Administration ("TSA") move to dismiss plaintiff Leonard Sutera's complaint for lack of jurisdiction and failure to state a claim or, in the alternative, for summary judgment. The court directed the parties to treat the motion as one for summary judgment in an order dated January 15, 2010. *See Carione v. United States*, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005) ("Federal

courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a . . . motion [to dismiss], and thus complete discretion in determining whether to convert the motion to one for summary judgment.") (quotation marks and citations omitted).

Plaintiff alleges that defendants' firing of him for failing a drug test violated his due process and privacy rights under the First, Fifth, and Fourteenth Amendments; the Privacy Act; and the Administrative Procedure Act. He seeks reinstatement, back pay and benefits, money damages and attorneys' fees, and a declaration that defendants violated his rights and wrongfully terminated his employment.

For the reasons detailed below, defendants' motion for summary judgment is granted. Plaintiff's constitutional claims are either barred by sovereign immunity or fail on the merits. No genuine issue has been raised as to a violation of the Privacy Act. There is no ground to set aside defendants' actions under the Administrative Procedure Act. Because plaintiff's claims lack merit or are barred by sovereign immunity, his Declaratory Judgment Act claim also fails.

## II.   Facts

Plaintiff was employed as a Lead Transportation Security Officer by defendant Transportation Security Administration ("TSA") between October 20, 2002 and March 28, 2008. Compl. ¶ 4. TSA policy requires employees to report to work free from any effects of alcohol or drugs; it mandates removal for offenses that involve the use of drugs or alcohol. TSA Management Directive No. 1100.73-5 at 1, Declaration of AUSA Seth D. Eichenholtz dated October 9, 2009 ("Eichenholtz Decl.") Ex. C. The policy requires random drug and alcohol testing of designated classes of employees, including Transportation Security Officers such as the plaintiff, since they occupy safety- or security-sensitive positions. TSA Disciplinary Review Board Decision of December 8, 2008 ("DRB Decision") at 3.

On March 19, 2008, plaintiff was asked to provide a urine sample for a random drug test. Compl. ¶ 11. On March 25, 2008, the TSA held three pre-decisional meetings with plaintiff, informing and discussing with him the fact that his sample tested positive for marijuana. Compl. ¶ 13; Disciplinary and Corrective Action Form pertaining to Plaintiff at 3, Eichenholtz Decl., Ex. F; Declaration of Leonard Sutera of March 29, 2010 ("Plaintiff's Decl.") ¶¶ 3, 9-10, 18.

Plaintiff was not informed that he had the right to an attorney in these pre-decisional meetings, but was told of his right to appeal from any subsequent determination. *Id.* ¶¶ 6, 10, 16, 19. In these proceedings and in the appeal that followed, plaintiff conceded his positive test result. *See* Compl. ¶¶ 16-17; Plaintiff's Disciplinary Review Board Appeal Form at Part 7 at 1-2, Eichenholtz Decl., Ex. J ("Plaintiff's DRB Appeal"). He explained it as resulting from inhaling "second-hand" marijuana smoke. Compl. ¶¶ 16-17; Plaintiff's DRB Appeal at Part 7 at 1-2. He denied that he ever used marijuana. Compl. ¶ 14; Letter from TSA Deputy Federal Security Officer Wayne Thomas to Leonard Sutera dated March 25, 2008 at 2, Eichenholtz Decl., Ex. E ("Termination Letter"); Plaintiff's DRB Appeal at 1. Upon plaintiff's request, the TSA tested a second sample, which also showed "positive." Termination Letter at 2; Plaintiff's DRB Appeal at Part 7 at 1; Eichenholtz Decl., Exs. G, H (certified results from both tests).

At oral argument, plaintiff objected that he was not informed of the exact chemical result of his test. Transcript of Civil Cause for Motion on Feb. 23, 2010 ("Hr'g Tr.") at 18-19. The exact result is relevant inasmuch as "the widely accepted cutoff for marijuana urine testing—to preclude [ ]false positives from passive inhalation—is 15 nanograms per milliliter (ng/) delta-9 tetrahydrocanabinol." DRB Decision at 3. Plaintiff did not dispute this cut-off level, but asserted that he had not been informed that he tested above it. Hr'g Tr. at 18, 20. In response, defendants offered the federal regulations that specify that a "positive" result denotes an amount

exceeding 15 nanograms per milliliter. Mandatory Guidelines and Proposed Revisions to Mandatory Guidelines for Federal Workplace Drug Testing Programs; Notice, 69 Fed. Reg. 19, 659 (Apr. 13, 2004). Both tests showed "positive." Eichenholtz Decl., Exs. G, H (certified results from both tests).

Plaintiff's employment was terminated in a letter dated March 25, 2008. He signed to acknowledge receipt on March 26, 2008. Termination Letter at 3. Advising him of his right to appeal his termination, the letter stated:

> You have the right to appeal this action to the TSA's Disciplinary Review Board (DRB) in accordance with TSA Management Directive 1100.77-1, Disciplinary Review Board. Any appeal must be in writing, must set forth arguments and documentation in support of your appeal, and must be received or postmarked no later than thirty (30) calendar days after the effective date of your removal . . . . A copy of TSA Management Directive No. 1100.77-1, Disciplinary Review Board, containing applicable requirements, procedures and Appeal Form, is attached to this decision.

*Id.* at 2. Under TSA Management Directive 1100.77-1, "[a]n appellant has a right to have a representative of his or her choosing to assist in preparing and presenting an appeal to the DRB." TSA Management Directive 1100.77-1 at 3, Eichenholtz Decl., Ex. J.

Seeking to exercise this right, plaintiff contacted a lawyer. Plaintiff's Decl. ¶ 22. When the lawyer was subsequently suspended from practice, plaintiff sought and obtained from the TSA two extensions of time for his appeal. *Id.* ¶ 25, Ex. 2. He asserts that the appeals officer "advised [him] that it was not necessary for [him] to have an Attorney to process [his] appeal." *Id.* ¶ 27. Ultimately opting to appear pro se, plaintiff submitted his appeal to the TSA's Disciplinary Review Board ("DRB") in a letter dated June 28, 2008. Defendants' 56.1 Statement ¶ 25; Plaintiff's DRB Appeal.

Denying he had ever used marijuana, plaintiff attempted to "document the circumstances and conditions [ ] which are the only ones that could have been responsible for a positive test result." Plaintiff's DRB Appeal at Part 7 at 1. In a written opinion dated December 8, 2008, the DRB determined that plaintiff had used marijuana at some point prior to his drug test. Defendant's 56.1 Statement ¶¶ 33-34; DRB Decision at 3-4. Sustaining his termination, the DRB's decision discussed plaintiff's pre-decisional meeting, addressed plaintiff's grounds for appeal, and found no evidence "indicat[ing] any irregularity in the selection of [plaintiff] for random drug testing." DRB Decision at 1-2.

## III.    Claims

Section 1983 of Title 42 of the United States Code creates a private cause of action against individuals acting under color of *state* law, but does not extend to federal actors acting under color of federal law. *See Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) (citing *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991)). The court may construe section 1983 claims against federal actors as claims based on the theory of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Cuoco v. Moritsugu*, 222 F.3d 99, 105 (2d Cir. 2000) (citing *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991)); *see also Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252 (2d Cir. 1991). *Bivens* recognized a private right of action for constitutional violations against federal officials sued in their individual capacities. *See Carlson v. Green*, 446 U.S. 14, 18 (1980); *Dotson*, 398 F.3d at 165-66.

Plaintiff claims that defendants violated both procedural and substantive due process rights. Compl. ¶¶ 18-22, 28-30; Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss or Motion for Summary Judgment ("Plaintiff's Memo.") at 4. While he has set out the additional procedures he believes should have been afforded to satisfy his procedural

due process rights, plaintiff has not explained why his testing or the testing procedures in general are so arbitrary as to violate substantive due process. Compl. ¶¶ 19-21, 28; Plaintiff's Memo. at 4-6. The plaintiff's third cause of action, which states the "[d]efendants deprived plaintiff's livelihood as guaranteed under the property interest of the Fifth Amendment" "without adequate process," is treated as a complaint of a procedural due process violation. Compl. ¶¶ 28-30; Plaintiff's Memo. at 5-6. Plaintiff concedes the constitutionality of all but the due process aspects of the TSA's drug testing procedure. Hr'g Tr. at 28.

Plaintiff includes a "stigma-plus" claim among his asserted constitutional violations. Compl. ¶ 32; Plaintiff's Memo. at 6-8. This claim, and the case law upon which plaintiff relies, is understood as asserting that defendants defamed plaintiff in the course of depriving him of his property or liberty interest in his livelihood without due process of law. *See Monserrate v. N.Y. State Senate*, No. 10-0604-cv, 2010 U.S. App. LEXIS 5449, at *19-20 (2d Cir. Mar. 16, 2010); *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005); *cf. Paul v. Davis*, 424 U.S. 693, 708-09 (1976). Plaintiff's characterization of this claim in his complaint as based upon the First Amendment is rejected, Compl. ¶ 33, and the complaint is construed to state that his Fifth Amendment procedural due process rights were violated.

Plaintiff alleges violations of his "privacy rights under federal and state law." Compl. ¶¶ 31-35. He specifically asserts that defendants violated the Privacy Act, 5 U.S.C. § 552a; *see* Compl. ¶ 1; Plaintiff's Memo. at 7-8, but does not specify the relief he seeks under that Act. The plaintiff is in effect evoking the Act's grant of a civil damages remedy to individuals adversely affected by an agency's intentional or wilful failure to comply with the Act. *Id.*; §§ 552a(g)(1)(D), (g)(4); *cf.* 552a(g)(1)(A)-(C) (providing remedies to a private individual when

an agency wrongfully discloses, fails properly to maintain, or refuses to amend that individual's record).

As to other violations of his privacy rights under unspecified "federal and state law," including failure to supervise and monitor the testing process, no legal basis in federal or state law for such a claim has been identified. Compl. ¶¶ 31-35.

Plaintiff avers that defendants violated his rights under the Administrative Procedure Act ("APA"). Compl. ¶¶ 23-26. This cause of action is treated as seeking judicial review of the defendant agencies' actions under the APA. *See* 5 U.S.C. §§ 702-06. Judicial review under the APA is proper, according to plaintiff, because defendants (i) failed to accord him due process, (ii) failed to provide him "the full administrative rights given to federal employees in the employ of the TSA," and (iii) "undertook actions in violation of internal regulations and federal statutes." Compl. ¶¶ 24-25; *see* 5 U.S.C. § 702. Contending that his termination was not an "action [ ] committed to agency discretion by law," plaintiff asserts that judicial review under the APA is available with respect to TSA screener termination decisions. Plaintiff's Memo. at 8.

## IV. Law

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Mitchell v. Washingtonville Central School District*, 190 F.3d 1, 5 (2d Cir. 1999). Dismissal is warranted when there is no genuine issue as to any material fact after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. Fed. R. Civ. P. 56(c); *see Anderson*, 477 U.S. at 247-50, 255; *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009).

The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party appears to meet this burden, the opposing party must produce evidence that raises a material question of fact to defeat the motion. *See* Fed. R. Civ. P. 56(e). This evidence may not consist of "mere conclusory allegations, speculation or conjecture." *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); *see also Delaware & Hudson Ry. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) ("Conclusory allegations will not suffice to create a genuine issue.").

### B. Constitutional Claims

#### 1. Subject Matter Jurisdiction

##### a. Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Fed. Hous. Admin. v. Burr*, 309 U.S. 242, 244 (1940)). While plaintiff cites 28 U.S.C. § 1331 as a basis for jurisdiction for his claims, Compl. ¶ 2, that section is "merely a jurisdictional grant" that neither waives sovereign immunity nor confers substantive rights. *See Mack v. United States*, 814 F.2d 120, 122 (2d Cir. 1987).

##### b. Bivens Action

"In a *Bivens* action, alleged victims of constitutional violations by federal officials may recover damages despite the absence of any statute specifically conferring such a cause of action." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are brought against federal officials in their individual capacities. *See Carlson v. Green*, 446 U.S. 14, 18 (1980); *Dotson v. Griesa*, 398 F.3d 156, 165-66 (2d Cir. 2005). Unlike federal

officers, federal agencies may not be subjected to *Bivens* actions, since those bodies retain their sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 473 (1994); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (citing *FDIC v. Meyer*).

### c. Civil Service Reform Act & Aviation and Transportation Security Act

The Civil Service Reform Act ("CSRA") provides the exclusive remedy for damages resulting from federal personnel practices, barring *Bivens* claims brought for wrongful termination. *See* Civil Service Reform Act, Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.); *Dotson v. Griesa*, 398 F.3d 156, 168, 182 (2d Cir. 2005).

It is the Aviation and Transportation Security Act ("ATSA") under which TSA screeners such as plaintiff are hired. Pub. L. No. 107-71, 115 Stat. 597 (codified principally in scattered sections of 49 U.S.C.). Section 111(d) of the ATSA codifies the employment standards and training requirements for screeners, providing:

> Notwithstanding any other provision of law, the [TSA Administrator] may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for such a number of individuals as the [TSA Administrator] determines to be necessary to carry out the screening functions [required by the Act].

49 U.S.C. § 44935 note (internal quotation marks omitted).

It remains an open question in this circuit whether ATSA § 111(d) exempts screeners from the CSRA and permits constitutional challenges to adverse employment actions. *See Conyers v. Rossides*, 558 F.3d 137, 150 (2d Cir. 2009) (declining to determine whether ATSA § 111(d), in apparently exempting screeners from the CSRA, "similarly divests the federal courts of jurisdiction over [plaintiff's] constitutional claims"); *Zynger v. Dep't of Homeland Sec.*, 615 F. Supp. 2d 50, 57-58 (E.D.N.Y. 2009), *aff'd*, No. 09-2478-cv, 2010 WL 1170348 (2d Cir. Mar.

25, 2010) (summary order). In light of the fact that plaintiff's claims fail on the merits, it is unnecessary to decide the question here. *See, e.g., Conyers*, 558 F.3d at 150-51; *Zynger*, 615 F. Supp. 2d at 58.

### 2. Due Process

The Due Process Clause of the Fifth Amendment to the Constitution provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. To prevail on either a procedural or a substantive due process claim, a claimant must establish that he possessed a liberty or property interest of which the defendants deprived him. *See Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 2009); *Ciambriello v. County of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002).

Property interests do not spring from the Constitution itself. "[T]hey are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Ciambriello v. County of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "A public employee has a property interest in continued employment if the employee is guaranteed continued employment absent 'just cause' for discharge." *Ciambriello*, 292 F.3d at 313 (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).

The constitutional concept of liberty is "broad indeed" and includes the "freedom . . . to engage in any of the common occupations of life." *Bd. of Regents v. Roth*, 408 U.S. 564, 572 (1972) (quoting *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923)); *Kuck v. Danaher*, No. 08-5368-cv, 2010 U.S. App. LEXIS 5899, at *12 (2d Cir. Mar. 23, 2010) (quoting *Spinelli v. City of New York*, 579 F.3d 160, 171 (2d Cir. 2009)) ("[T]he Supreme Court has repeatedly recognized the severity of depriving someone of his or her livelihood.""). But not all employment decisions

implicate an employee's liberty interest. *See Donato v. Plainview-Old Bethpage Cent. School Dist.*, 96 F.3d 623, 630 (2d Cir. 1996), *cert. denied*, 519 U.S. 1150 (1997) (noting that a state's decision not to rehire a terminated employee does not alone amount to a deprivation of liberty).

### a. Procedural Due Process

"'Due Process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Cafeteria and Rest. Workers Union, Local 473 v. McElroy*, 367 U.S. 886, 895 (1961) ("The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation."). Whether the government has afforded an individual all the process constitutionally due before depriving him of a liberty or property interest is determined by balancing private and public interests:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Because the process constitutionally due varies in accordance with this balancing, the concept of due process does not necessarily mandate an evidentiary hearing. *Id.* at 348. Instead, the "essential principle" of procedural due process is that a deprivation of life, liberty, or property be preceded by notice and an opportunity to be heard. *Id.* at 348-49 (citations omitted); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citations omitted); *see Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002).

As a matter of procedural due process, a "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an

opportunity to present his side of the story." *Loudermill*, 470 U.S. at 546 (citations omitted); *see Todaro v. Norat*, 112 F.3d 598, 599-600 (2d Cir. 1997) (citing *Loudermill*, 470 at 546).

Defamation is constitutionally cognizable when coupled with the deprivation of a liberty or property interest without due process of law under the "stigma-plus" doctrine. *See Paul v. Davis*, 424 U.S. 693, 708 (1976); *Velez v. Levy*, 401 F.3d 75, 87-88 (2d Cir. 2005). A "stigma-plus" due process claim "requires a showing that (1) [the claimant] was defamed; and (2) the defamation occurred in the course of the termination of his employment, or was coupled with a deprivation of a legal right or status." *See Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, 271 (S.D.N.Y. 2005) (citing *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002)); *Velez*, 401 F.3d at 87 (citations omitted).

Defamation in this context is established by proving that the statement complained of was false, publicized, and stigmatized the complainant. *See Monserrate v. N.Y. State Senate*, No. 10-0604-cv, 2010 U.S. App. LEXIS 5449, at *19-20 (2d Cir. Mar. 16, 2010); *Abramson*, 278 F.3d at 101-02. "[A] statement made only to the plaintiff, and only in private, ordinarily does not implicate a liberty interest." *Velez*, 401 F.3d at 87 (citing *Donato v. Plainview-Old Bethpage Cent. School Dist.*, 96 F.3d 623, 631-32 (2d Cir. 1996), *cert. denied*, 519 U.S. 1150 (1997)); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 n.13 (1985) (citing *Bishop v. Wood*, 426 U.S. 341, 348 (1976)) ("[T]he failure to allege that the reasons for the dismissal were published dooms [plaintiff's liberty interest] claim.").

### b. Substantive Due Process

An individual's substantive due process rights bar "some government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). To prevail on a claim alleging a violation of substantive due process, a claimant must establish that the governmental conduct at issue was "so outrageously arbitrary as to

-13-

constitute a gross abuse of governmental authority." *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46, 118 S. Ct. 1708, 1716 (1998); *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988)). In some contexts, a "fundamental procedural irregularity" may give rise to a substantive due process violation. *See id.* at 262 (citing *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 832-33 (1st Cir. 1982)).

### C.      Privacy Act

The Privacy Act regulates federal agencies' maintenance and dissemination of information pertaining to individuals. 5 U.S.C. § 552a. Before disclosing a record pertaining to an individual, the Act requires the agency to obtain his written consent. *Id.* § 552a(b). Exemptions include intra-agency disclosures among employees "who have a need for the record in the performance of their duties." *Id.* § 552a(b)(1).

A civil damages remedy is provided to individuals adversely affected by an agency's intentional or wilful failure to comply with the Act. *Id.* §§ 552a(g)(1)(D), (g)(4). To recover for a violation under § 552a(b), a claimant must prove that he has suffered actual damages. *See Doe v. Chao*, 540 U.S. 614, 627 (2004).

### D.      Administrative Procedure Act

In determining whether review under the APA is proper, the court "begin[s] with the strong presumption that Congress intends judicial review of administrative action." *Sharkey v. Quarantillo*, 541 F.3d 75, 84 (2d Cir. 2008) (quoting *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986)). Review is unavailable where the action is "committed to agency discretion by law" or if other statutes "preclude judicial review." 5 U.S.C. § 701(a). Where review is available, the court may set aside agency action that it determines was (i) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (ii)

-14-

contrary to constitutional right, power, privilege, or immunity, or (iii) without observance of procedure required by law. 5 U.S.C. §§ 706(2)(A), (B), (D).

The ATSA commits at least some decisions regarding personnel management to the TSA Administrator's discretion, thus precluding judicial review under the APA. *See Conyers v. Rossides*, 558 F.3d 137, 144, 148 (2d Cir. 2009) (holding that utilization of Federal Aviation Administration's personnel management system in hiring security screeners, but not necessarily all screener employment decisions, is committed to TSA Administrator's discretion under ATSA); *Zynger v. Dep't of Homeland Sec.*, 615 F. Supp. 2d 50, 62 n.12 (E.D.N.Y. 2009) (citing *Conyers*, 558 F.3d at 150), *aff'd*, No. 09-2478-cv, 2010 WL 1170348 (2d Cir. Mar. 25, 2010) (summary order). It is unnecessary to determine here whether termination decisions are among that class of discretionary decisions, in light of the fact that plaintiff's claim fails on the merits.

### E. Declaratory Judgment Act

The Declaratory Judgment Act grants federal courts jurisdiction, "[i]n a case of actual controversy within its jurisdiction, . . . [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

## V. Application of Law to Facts

### A. Constitutional Claims

#### 1. Subject Matter Jurisdiction

The federal government has not waived sovereign immunity as to plaintiff's constitutional claims. Plaintiff's constitutional claims against the agency defendants and agency officers in their official capacity are dismissed. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

Plaintiff may not assert his constitutional claims against the agency defendants on a *Bivens* theory. *See FDIC v. Meyer*, 510 U.S. 471, 473 (1994); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). While *Bivens* claims against the agency officers in their individual capacities may proceed on jurisdictional grounds, as indicated below, they have no merit. Because each constitutional claim fails on the merits, it is unnecessary to determine whether the ATSA overrides the CSRA to permit a *Bivens* action against the agency defendants. *See Conyers v. Rossides*, 558 F.3d 137, 150-51 (2d Cir. 2009); *Zynger v. Dep't of Homeland Sec.*, 615 F. Supp. 2d 50, 58 (E.D.N.Y. 2009), *aff'd*, No. 09-2478-cv, 2010 WL 1170348 (2d Cir. Mar. 25, 2010) (summary order).

### 2.   Due Process

Plaintiff possessed a property interest in his TSA employment. He had a liberty interest in his occupation for purposes of his stigma-plus procedural due process claim.

### a.   Procedural Due Process

### i.   Property Interest in Employment

Plaintiff was granted, and utilized, pre- and post-deprivation opportunities to be heard. Defendants' 56.1 Statement ¶¶ 15-17, 20-21, 25. He appealed his termination and was given a post-termination opportunity to clear his name. *Id.* ¶¶ 23, 25; Plaintiff's DRB Appeal at Part 7 at 1-3. Notice of his right to representation in his appeal was given, but he did not exercise this right. Termination Letter at 2; DRB Appeal Form at 1. No due process violation exists solely because plaintiff's claim may have fared better had he availed himself of his right to representation. *See, e.g., Monserrate v. New York State Senate*, No. 10-0604-cv, 2010 U.S. App. LEXIS 5449, at *23-24 (2d Cir. Mar. 16, 2010) (deeming constitutionally adequate hearing wherein claimant was afforded, "but declined to avail himself of," the opportunity for representation, testimony, and the presentation of evidence); *Norden v. Barnhart*, 77 Fed. Appx.

221, 223 (5th Cir. 2003) (determining due process was not violated where claimant knowingly and voluntarily waived his statutory right to counsel, of which he was apprised prior to hearing); *Brito-DeLeon v. Ashcroft*, 188 F. Supp. 2d 340, 345 (S.D.N.Y. 2002) (finding no due process violation in administrative hearing where plaintiff was repeatedly advised of his right to representation); *Vega v. Sec'y of Health, Educ. & Welfare*, 321 F. Supp. 553, 555 (D.P.R. 1970) ("Having been afforded the opportunity for counsel representation, the plaintiff was not denied due process during the administrative hearing at which he appeared without such representation."). The Court of Appeals for the Second Circuit recently held almost identical procedures constitutionally adequate as a matter of law. *See Zynger v. Dep't of Homeland Sec.*, No. 09-2478-cv, 2010 WL 1170348, at *1 (2d Cir. Mar. 25, 2010) (summary order).

The TSA's decisions took into account plaintiff's version of events. The official deciding plaintiff's termination in the first instance offered the plaintiff an opportunity to explain the positive test result. DRB Decision at 1; Defendants' 56.1 Statement ¶¶ 16-17. And the DRB issued a formal opinion that expressly addressed plaintiff's grounds for appeal. DRB Decision at 1-3; Defendants' 56.1 Statement ¶¶ 33-34.

In the DRB appeal, the TSA bore the burden of proof to show that plaintiff's termination was proper. DRB Decision at 3. It met that burden.

Though plaintiff contends he was owed "a hearing before an independent tribunal prior to his termination," Compl. ¶ 20, due process in this context only requires notice and a meaningful opportunity to be heard; plaintiff was afforded both. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citations omitted); *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002); *cf. Todaro v. Norat*, 112 F.3d 598, 599-600 (2d Cir. 1997) (vacating district court's determination that post-termination process was constitutionally adequate). The

termination procedures used comported with plaintiff's due process rights. *See Zynger v. Dep't of Homeland Sec.*, No. 09-2478-cv, 2010 WL 1170348, at *1 (2d Cir. Mar. 25, 2010) (summary order).

Plaintiff objects that defendants failed to document the chain of custody of his urine sample, failed to preserve evidence that he used drugs, and otherwise "violat[ed] [] the rule [sic] of evidence." Compl. ¶¶ 15, 19. He contends that defendants should have permitted him to test the DNA in the urine sample and to provide further blood tests to confirm the initial results. Plaintiff's Memo. at 5. These objections were not raised in the administrative proceedings, where plaintiff conceded the positive test result but denied first-hand drug use. Plaintiff's DRB Appeal at 1 ("I will document the circumstances and conditions which now are the only ones that could have been responsible for a positive test result."). The DRB considered the possibility of irregularities and the results were certified. DRB Decision at 3 (finding no evidence to "indicate any irregularity in the selection of [plaintiff] for random drug testing"); Eichenholtz Decl., Exs. G, H (certified test results). After failing to raise these objections in his administrative proceedings, plaintiff cannot now raise them for the first time.

The Supreme Court's recent decision *Melendez-Diaz v. Massachusetts*, cited by plaintiff, Plaintiff's Memo. at 6, is not relevant. *Melendez-Diaz* concerns the scope of a criminal defendant's right to cross-examine witnesses against him under the Confrontation Clause of the Sixth Amendment. *See* 129 S. Ct. 2527 (2009). The case is inapposite to this more informal administrative action.

Plaintiff was afforded notice and an opportunity to be heard, both before and after his termination. He was afforded, yet chose not to exercise the right to representation in his post-

deprivation hearing. Process was constitutionally adequate. His procedural due process claims are dismissed.

### ii. Liberty Interest in Occupation

Plaintiff asserts that defendants "labelled" him a drug user in the course of his termination and that this label deprived him of his liberty interest in continued employment. Compl. ¶ 32; Plaintiff's Memo. at 7. It is not alleged that defendants disclosed to the public plaintiff's positive drug test. Plaintiff's Memo. at 7. Even if the statement that plaintiff used marijuana was unfounded, there is no basis in the record to conclude that this "label" was publicized. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 n.13 (1985) (citing *Bishop v. Wood*, 426 U.S. 341, 348 (1976)); *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005) (citing *Donato v. Plainview-Old Bethpage Cent. School Dist.*, 96 F.3d 623, 631-32 (2d Cir. 1996), *cert. denied*, 519 U.S. 1150 (1997)). In any event the reasonable inference drawn supports a finding of marijuana use.

Plaintiff does not contend that the transmittal of his sample to the laboratory for testing was either stigmatizing or a "publication." The "labelling" of plaintiff as a drug user occurred "only to the plaintiff, and only in private." *Velez*, 401 F.3d at 87. Plaintiff's "failure to allege that the reasons for the dismissal were published dooms this claim." *Loudermill*, 470 U.S. at 547 n.13 (1985) (citing *Bishop v. Wood*, 426 U.S. 341, 348 (1976)). The claim is dismissed.

### b. Substantive Due Process

Plaintiff was afforded notice and an opportunity to respond to, and appeal, the charges against him. Defendants' 56.1 Statement ¶¶ 15-17, 20-21, 25. The DRB decision that resulted from that appeal found no irregularities in the defendants' selection of plaintiff for random testing. DRB Decision at 3. These appropriate findings do not evince procedural irregularities

or other agency action "so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999) (citations omitted).

To the extent that plaintiff states a substantive due process claim, it is dismissed. *See Zynger v. Dep't of Homeland Sec.*, No. 09-2478-cv, 2010 WL 1170348, at *2 (2d Cir. Mar. 25, 2010) (summary order) (examining and finding no substantive due process violation in identical TSA procedures for termination following a positive drug test).

## B. Privacy Act

Plaintiff asserts that the TSA's statement that he failed a drug test violated the Privacy Act. Compl. ¶ 32. He fails to specify to whom the statement was made. *Id.*; Plaintiff's Memo. at 7.

The DRB officials, the Medical Review Officer, and the deciding official are all agency employees responsible for making employment decisions regarding plaintiff. Their communications are within the Privacy Act's "need-to-know" exception; no claim under the Privacy Act may lie against them. *See* 5 U.S.C. § 552a(b)(1); *Mount v. United States Postal Serv.*, 79 F.3d 531, 533-34 (6th Cir. 1996) (citing *Hernandez v. Alexander*, 671 F.2d 402, 410 (10th Cir. 1982)) (including within the Privacy Act's need-to-know exception "employees . . . with responsibilities for making employment and/or disciplinary decisions regarding plaintiff").

Plaintiff might be understood to object to defendants' transmittal of his urine sample to the laboratory for drug testing. Plaintiff's Memo. at 7-8. Even assuming that this transmittal was an extra-agency "disclosure," plaintiff has not alleged that he has suffered an adverse effect. *Cf. Doe v. Chao*, 540 U.S. 614, 627 (2004); *Tarullo v. Def. Contract Audit Agency, United States DOD*, 600 F. Supp. 2d 352, 359-60 (D. Conn. 2009). For testing purposes a private laboratory is necessarily treated as part of the agency.

Though courts disagree as to whether the Privacy Act permits recovery based on non-pecuniary damages, *see Doe*, 540 U.S. at 627 n. 12; *Tarullo*, 600 F. Supp. 2d at 360 n.8, plaintiff's claim alleges neither pecuniary nor non-pecuniary damages. Nor does Plaintiff allege emotional distress. *Cf. Tarullo*, 600 F. Supp. 2d at 360 n.8 (concluding that proof of emotional distress may suffice as proof of actual damages in the Second Circuit).

To the extent plaintiff's claim is premised on a speculative fear that "[p]rospective employers will find out that [his] termination was based upon the alleged use[ ] of illegal drugs and thereby tarnish [his] reputation," his claim is not ripe. Plaintiff's Affidavit in Opposition ¶ 14; *see Doe*, 540 U.S. at 624 ("[T]he reference in § 552a(g)(1)(D) to 'adverse effect' acts as a term of art identifying a potential plaintiff who satisfies the injury-in-fact and causation requirements of Article III standing . . . ."); *Mulhern v. Gates*, 525 F. Supp. 2d 174, 185 (D.D.C. 2007) (determining that plaintiff's conclusory assertion that disclosure harmed his "professional reputation and stature in [his] . . . professional community" could not withstand summary judgment). Plaintiff's Privacy Act claim is dismissed.

## C.    Administrative Procedure Act

Plaintiff asserts that judicial review under the APA is proper, because defendants (i) failed to accord him due process, (ii) failed to provide him "the full administrative rights given to federal employees in the employ of the TSA," and (iii) "undertook actions in violation of internal regulations and federal statutes." Compl. ¶¶ 24-25; *see* 5 U.S.C. § 702. He contends that his termination was not an "action [ ] committed to agency discretion by law" and is thus subject to judicial review under the APA. Plaintiff's Memo. at 8.

Having determined that defendants afforded plaintiff all the process he was statutorily and constitutionally due, the court cannot find under the APA that defendants violated plaintiff's due process rights. *See* 5 U.S.C. § 706(2)(B). *See supra* Part 5.A.2.i.a.

The only rights that plaintiff has expressly invoked are those he includes among "the rule [sic] of evidence," Compl. ¶¶ 15, 19; Plaintiff's Memo. at 5-6. Plaintiff cites neither law nor TSA policy conferring such rights, nor does he identify any law or regulation that defendants have violated.

No basis in the APA has been identified to support plaintiff's contention that defendants have acted in violation of the law or without observance of procedures required by law. *See* 5 U.S.C. §§ 706(2)(A), (D). His claims under the APA are dismissed.

## D.    Declaratory Judgment Act

The court finds plaintiff's underlying claims to be barred by sovereign immunity or without merit. It necessarily dismisses plaintiff's claims for declaratory relief under the Declaratory Judgment Act.

## VI.    Conclusion

Summary judgment against the plaintiff is granted. No costs or disbursements.


SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:    April 29, 2010
         Brooklyn, New York